UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- X
                                                        :
SAMSON SIASIA,                                          :
                                                        :       ORDER AND OPINION
                                         Plaintiff,     :       GRANTING IN PART AND
          -against-                                     :       DENYING IN PART MOTION
                                                        :       TO DISMISS
FÉDÉRATION INTERNATIONALE DE                            :
FOOTBALL ASSOCIATION,                                   :       21 Civ. 6516 (AKH)
                                                        :
                                         Defendant.     :
                                                        :
------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff Samson Siasia ("Plaintiff") brings this action against Defendant Fédération Internationale de Football Association ("Defendant") seeking compensatory and punitive damages stemming from an investigation into Plaintiff's violation of Defendant's Ethics Rules and resulting arbitration proceedings before the Court of Arbitration for Sport in Switzerland. Complaint ("Compl."), ECF No. 1. Plaintiff alleges that Defendant violated his Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution, in violation of 42 U.S.C. § 1983, as well as committed three state-law torts—trespass to chattel, intentional infliction of emotional distress, and negligence. Defendant now moves to dismiss the claims for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and failure to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6). Motion to Dismiss the Complaint ("Motion"), ECF No. 15. For reasons set forth below, Defendant's Motion is granted in part and denied in part.

1

## BACKGROUND

The following facts are taken from the Plaintiffs' Complaint, which I must "accept[] as true" for the purpose of this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff is "a citizen of the United States with [sic] residing in Atlanta Georgia" who held "a professional soccer coach license" issued by the United States Soccer Federation, a national federation member of FIFA. Compl. ¶¶ 11–12. Defendant "is an association organized under the laws of Switzerland and having its principal place of business at Hitziweg 11, CH-8032 Zurich, Switzerland. FIFA is the worldwide governing body of soccer . . . . Its membership is comprised of the national soccer federations of more than 210 countries. FIFA is also the organizer and owner of the worldwide rights to the FIFA World Cup and other FIFA men's and women's soccer tournaments." *Id.* ¶ 13.

Plaintiff was charged and convicted of bribery, in violation of Defendant's Ethic Rules, following an Investigative Report that examined emails exchanged between Defendant and "Wilson Perumel, whose business was arranging and fixing soccer matches for FIFA's national soccer federations . . . ." *Id.* ¶¶ 31, 34. The Complaint further alleges that Plaintiff was found guilty by "FIFA's own private 'criminal' court, the Court of Arbitration for Sport ("CAS")" and imposed "punishment of a lifetime ban from ever using the professional coach license and a monetary fine of 50,000 Swiss Francs." *Id.* ¶¶ 46, 56. Thereafter, FIFA emailed Plaintiff, informing him that if he "sought to challenge the FIFA guilty verdict," he "was compelled to appeal his conviction . . . to CAS and he timely filed his appeal." *Id.* ¶ 57. The CAS panel reduced the lifetime ban. *Id.* ¶ 58. The Complaint alleges that the conviction was based upon "grossly insufficient evidence, consisting exclusively of email which the creators or recipients never explained to FIFA . . . without giving [Plaintiff] an opportunity to confront and cross

examine adverse witnesses." *Id.* ¶¶ 65–66.  It alleges that when Defendant disciplined Plaintiff from Switzerland, Defendant tortiously deprived Plaintiff of his Fifth, Eighth, and Fourteenth Amendment rights under the U.S. Constitution, in violation of 42 U.S.C. § 1983; and committed trespass to chattels, intentional infliction of emotional distress, and negligence in violation of state law.  *Id.* ¶¶ 67–81.

Defendant now moves to dismiss the Complaint for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief may be granted.  *See generally* Motion.

## DISCUSSION

I. Legal Standard

   A. Subject-Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 386 (E.D.N.Y. 2013) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions.  *See Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010).  The Court must accept as true the factual allegations contained in the complaint, but it will not draw argumentative inferences in favor of the plaintiff because subject matter jurisdiction must be shown affirmatively.  *See id.*; *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992).  The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.  *Morrison*, 547 F.3d at 170.

B. Personal Jurisdiction

Absent an applicable federal statute providing for nationwide service of process, New York law governs the question of personal jurisdiction. *See Canterbury Belts, Ltd. v. Lane Walker Rudkin, Ltd.*, 869 F.2d 34, 40 (2d Cir. 1989) (citing *Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 108 (1987)) (stating that in determining whether a federal district court has personal jurisdiction over a party in a federal question case, the law of the forum state applies unless the relevant statute(s) make specific provisions for service of process under the circumstances). New York's long-arm statute provides that a court may exercise personal jurisdiction in two ways. Under N.Y. CPLR § 301, a court may exercise "general jurisdiction" over an entity that is headquartered or incorporated in, or maintains its principal place of business, in the forum and is therefore "at home." *See Daimler AG v. Bauman*, 571 U.S. 117, 137–139 (2014). Alternatively, under N.Y. CPLR § 302, a court may exercise "specific jurisdiction" over any non-domiciliary who "(1) transacts any business within the state …;" "(2) commits a tortious act within the state …;" or "(3) commits a tortious act without the state causing injury to person or property within the state . . . if he [] regularly does or solicits business, or engages in any other persistent course of conduct . . . ." N.Y.C.P.L.R. § 302(a).

In responding to a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that jurisdiction exists over the defendant. *See Distefano v. Carozzi North America, Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). However, pre-discovery plaintiffs "need only make a prima facie case showing" that the Court has jurisdiction over the defendants. *Id.* Plaintiffs "need not show regular or continuous activity in the state; even a single act within New York is sufficient to confer jurisdiction under § 302(a) if it has sufficient nexus with the cause of

4

action." *Correspondent Servs. Corp. v. J.V.W. Investments Ltd.*, 120 F. Supp.2d 401, 404 (S.D.N.Y. 2000) (citations omitted).

Federal courts must satisfy three requirements in order to exercise personal jurisdiction over an entity: (1) the entity must have been properly served, (2) the court must have a statutory basis for exercising personal jurisdiction, and (3) the exercise of personal jurisdiction must comport with constitutional due process. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012).

Under the Due Process Clause, "a tribunal's authority depends on the defendant's having such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)). When a defendant is "essentially at home" in the forum, a court may exercise general jurisdiction over a defendant over "any and all claims" brought against him. *See id.* General jurisdiction only applies to an individual, however, in his place of domicile. A court may exercise specific jurisdiction over a defendant over a narrower class of claims, when the defendant has certain minimum contacts with the forum, such that by "some act [he] purposefully avails [himself] of the privilege of conducting activities within the forum State." *Id.* at 1024–25 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The contacts must be deliberate, such as "'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Id.* at 1025 (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). Finally, the plaintiff's claims "must arise out of or relate to the defendant's contact" with the forum. *Id.* (citing *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017)).

C. Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

When considering a motion to dismiss a complaint under Rule 12, the Court must "accept[] all of the complaint's factual allegations as true and draw[] all reasonable inferences in the plaintiff's favor." *See Naples*, 972 F. Supp. 2d at 386. However, the Court is not bound to accept conclusory allegations or legal conclusions—"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). The Court is limited to a "narrow universe of materials." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). "Generally, [courts] do not look beyond 'facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken.'" *Id.* (quoting *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)) (alterations in original).

II. Analysis

Defendants move to dismiss the complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and failure to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6). Because I find that Plaintiff fails to plausibly allege that I have personal jurisdiction over Defendant in this matter, I do not decide whether I have subject-matter jurisdiction or whether Plaintiff plausibly

alleges a claim for relief. *See Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999) (holding that a district court does not abuse its discretion to dispose of a case on personal jurisdiction grounds without first establishing subject-matter jurisdiction because personal jurisdiction is "an essential element of the jurisdiction of a district . . . court without which the court is powerless to proceed to an adjudication") (citation and internal quotation marks omitted).

The Complaint alleges that Plaintiff "is an individual and citizen of the United States residing in Atlanta Georgia [who] holds a professional soccer coach license which was issued to him on April 05, 2009, by the U.S. Soccer Federation, a national federation member of FIFA[.]" Compl. ¶¶ 11–12. It alleges that "Defendant, FIFA acting though it's officers, agents and employees, is an association organized under the laws of Switzerland and having its principal place of business at Hitziweg 11, CH-8032 Zurich, Switzerland." *Id.* ¶ 13. The Complaint further alleges that the emails, which were "evidence in the Investigative Report FIFA used to charge and convict Siasia of bribery," *id.* ¶ 34, were sent to and received by Plaintiff "in Atlanta, Georgia and using his mobile telephone devices with a T-Mobile service account in Georgia, USA." It alleges that "[a]ccording to FIFA's own private 'criminal' court, the [CAS] . . . found Siasia" responsible for violating Article 11 of FIFA's Code of Ethics by committing bribery and conspiring, or attempting to conspire, with a convicted match-fixer in a scheme involving an Australian football league. *Id.* ¶¶ 33–34, 46. The Complaint further alleges that "[i]n February and March 2019, FIFA sent Siasia a notice of [a] bribery charge by email to Siasia." *Id.* 50. This notice informed Defendant that "[u]nder FIFA code, [he] was mandated to appeal to CAS, if [he] sought to challenge the FIFA guilty verdict and punishment . . . ." *Id.* ¶

56, and in so doing relied on "Swiss bribery law." *Id.* ¶ 58 n.4.

Finally, Defendant alleges that "[o]n June 21, 2021, CAS panel decided the appeal [,]" *id.* ¶

I find that Defendant is not subject to either general or specific jurisdiction. Without dispute, Defendant is a Swiss entity and has neither headquarters nor its principal place of business in New York. It is therefore not "at home" in New York and not subject to general jurisdiction. *See Daimler*, 571 U.S. at 137–39. Likewise, while the Complaint alleges that Defendant has "significant contact in this District and is currently organizing the 2026 FIFA World Cup in this District," Compl. ¶ 10, Plaintiff's injuries neither relate to nor arise out of whatever that "contact" entails. The proceedings at issue, in which Plaintiff alleges a tortious deprivation of his rights under the U.S. Constitution, took place entirely outside of the United States and were decided under the laws of Switzerland. Moreover, Plaintiff himself has no connection with New York, and Defendant's contacts or lack thereof were felt by Plaintiff in Atlanta, Georgia. Defendant is therefore not subject to specific jurisdiction. Accordingly, there is no conceivable basis for concluding that I have the power to adjudicate this dispute. I therefore grant Defendant's motion to dismiss for lack of personal jurisdiction.

## CONCLUSION

For the reasons described above, Defendant's motion to dismiss for lack of personal jurisdiction is granted. Because I do not need to reach Defendant's alternate bases for dismissal, its motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim on which relief may be granted are denied. The Clerk of the Court shall terminate ECF No. 15.

SO ORDERED.

Dated:   October 29, 2021               /s/ Alvin K. Hellerstein
         New York, New York         ALVIN K. HELLERSTEIN
                                    United States District Judge